```
                    UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF WEST VIRGINIA
                           AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                   CRIMINAL ACTION NO. 2:08-00252

**CHRISTOPHER NEIL SMITH**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

      On February 11, 2015, the United States of America appeared by Eric P. Bacaj, Assistant United States Attorney, and the defendant, Christopher Neil Smith, appeared in person and by his counsel, Rhett H. Johnson, Assistant Federal Public Defender, for a hearing on the petition on supervised release and amendment thereto submitted by United States Probation Officer Justin L. Gibson.  The defendant commenced a two-year term of supervised release in this action on March 18, 2014, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on November 21, 2013.

      The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant committed the state offense of shoplifting merchandise from Walmart on three separate occasions as more fully set forth in Violation Number 1 of the petition on December 5, December 24 and December 27, 2014, as evidenced by his admission on the record of the hearing that the government possesses sufficient proof to prove the offenses by a preponderance of the evidence; (2) the defendant used and possessed controlled substances as evidenced by his admission to the probation officer on August 20, 2014, that he had used marijuana; a urine specimen submitted by him on September 30, 2014, positive for oxymorphone; his admission to the probation officer on October 15, 2014, that he had used Percocet without a prescription and that he had used marijuana approximately one week prior; his admission to the probation officer on October 21, 2014, that he had used Roxicodone; and his admission to the probation officer on January 21, 2015, that he had used Roxicodone and marijuana; (3) the defendant left the judicial district without permission inasmuch as the defendant admitted to the probation officer on

June 25, 2014, that he had traveled to North Carolina without permission; (4) the defendant failed to submit a written report for the months of September, October, November and December 2014; (5) the defendant failed to report to the probation office as directed on October 16 and 20, and November 20 and 24, 2014; (6) the defendant failed to work regularly at a lawful occupation inasmuch as the probation officer contacted the defendant's last known employer on December 20, 2014, and was informed that the defendant had been suspended on December 6, 2014, and told to return to work on December 20, 2014, but the defendant failed to report for his shift and was terminated, a change in employment which the defendant also failed to report to the probation officer; (7) the defendant associated with others engaged in criminal activity inasmuch as on December 14, 2014, Heather Rodgers, the defendant's girlfriend, and Joseph Smith, the defendant's brother, were also arrested and charged in the same case as the offender; (8) the defendant failed to report his contacts with law enforcement as set forth in Violation Number 1 to the probation officer; (9) the defendant failed to report for individual substance abuse counseling as directed on October 29, 2014, and for the month of November 2014; (10) the defendant failed to report for random urinalysis

3

as directed on August 29, September 11 and 15, October 10, 16 and 27, November 5, 13, 27 and 26, December 2, 10, 15, 29, 2014, and January 5, 14 and 20, 2015; all as admitted by the defendant on the record of the hearing with the exception of (1) designated above and all as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TWELVE (12) MONTHS.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: February 25, 2015

John T. Copenhaver, Jr.
United States District Judge